## Briggs & a. *vs.* Sholes.

In a real action, the tenant alleged that the demandants' title was by mortgage, and pleaded usury paid to a prior holder of the mortgage; averring that the note came to the demandants' hands a discredited note. The demandants, in their replication, denied that the note came to them discredited; set forth several assignments; the foreclosure of the mortgage, and a conveyance of the premises to themselves; alleged that they took without notice of usurious transactions, (tendering their own oath,) and that the usury, if paid at all, was paid to one B., a former holder of the note and mortgage, after he had assigned the same. They also tendered the oath of B., to prove that the amount of usury taken was less than that alleged by the defendant.—*Held*, that this plea was bad.

In a writ of entry founded on a mortgage, if the declaration be general in form, the tenant should, if he wish to avail himself of the defence of usury, first allege that the demandant's title is by mortgage only, and then plead usury.

In case of such an allegation and plea, the demandant may; 1, file a counter allegation; 2, object to the reception of the plea any cause which would be sufficient, if the action were upon the note; 3, reply that a smaller sum only was taken as usury, and offer to verify by oath; 4, reply that the mortgage is foreclosed.

If the demandant reply a foreclosure, and fail in sustaining his replication, he admits the usury, and such judgment will be rendered for the tenant as his plea entitles him to; *unless* the demandant obtain leave to reply to the plea of usury.

Simple interest paid for the forbearance of usury is not usury, and no additional deduction can be made on account of it.

WRIT OF ENTRY. The tenant in his plea set forth that the plaintiffs' writ of entry was founded on a mortgage deed, executed by the defendant to one Alexander Perkins, dated April 10, 1821, to secure the payment of a certain note of that date for $1150, in two years, with interest annually; which note and mortgage, on December 31, 1828, became the property of James H. Bingham by assignment, and February 11, 1841, was transferred to the plaintiffs as collateral security for their liability for Bingham. The plea then proceeded, " And now the said Sholes comes and defends, &c. when, &c. and for plea says that the judgment on said action ought to be a conditional judgment as of mortgage, and that the plaintiffs ought not to have judgment for the full amount of said note specified in said mortgage, because, he says, the note being a discredited note when taken by the plaintiffs; that on the 31st day of December, 1828, there was due on said

note, including the interest thereon, the sum of $1224.69, and it was then and there, at said Claremont, corruptly and against the form of the statute in such case made and provided, agreed by and between the said Sholes and the said Bingham, (the said Bingham being now alive,) that the said Bingham should forbear and give day of payment on the said sum of $1224.69, and the said Sholes should pay the said Bingham the sum of $36.74 each and every year so long as the said Bingham should forbear and give day of payment, and the interest on the same to be computed annually; which said sum of $36.74 is over and above the legal interest on said sum of $1224.69," &c. &c., " and that in pursuance of such corrupt agreement the said Bingham did forbear and give day of payment on said sum of $1224.69 from the aforesaid 31st day of December, 1828, to the 20th day of December, 1839, when the said Sholes did then and there, at said Claremont, allow and pay to the said Bingham the sum of $581.44, being the annual sums of $36.74, with compound interest thereon," &c. &c. Whereupon the defendant prayed that, in the rendition of judgment, a sum equal to three times the said sum of $581.44, and the lawful interest thereon, might be deducted from the amount justly due on said note.

The demandants replied, admitting Bingham to have been the holder of the mortgage note on and prior to December 5, 1839, but denied that it was a discredited note, or held by them as security on Bingham's account.

They alleged that December 5, 1839, said Bingham by deed assigned the same to certain persons, conveying to them all his interest in the premises; that these assigns, January 10, 1840, entered to foreclose, and within six months thereafter gave public notice thereof through a newspaper, and thereby becoming seized of the same, took the profits thereof to the value of $150 yearly; that said assignees, February 10, 1841, conveyed the premises to the demandants in fee, who thereupon became seized, as alleged in their declaration.

The demandants farther alleged, that at the time of said conveyance to them, and until long after, they had no knowledge or notice of any usurious transactions between the tenant and said

Bingham; and in verification of which the demandants tender their own oaths, and alleged that if any usury was ever taken by him, it was taken after he had assigned the note and mortgage.

They also offered to verify, by the oath of the said Bingham, that he had not taken more than $250 in the whole more than after the rate of six per cent. for forbearance. The replication concluded with a general verification.

Special demurrer. The third cause assigned was, that the replication contains statements of facts not traversable in their present form, together with a tender of the oaths of the demandants in support of them, and also a tender of the oath of James H. Bingham in support of other facts in relation to the amount of usury; putting several distinct matters of fact in the same replication—some for a jury and some necessarily for the court; concluding with a verification to all the matters contained in said replication.

*Cushing,* for the demandant.

*Leland,* for the tenant.

PARKER, C. J. The replication is bad, for the third cause set forth in the demurrer. In a real action the defendant may allege that the plaintiff's title is by mortgage only, and then plead usury. The plaintiff may file a counter allegation or averment, denying that his title is by mortgage; in which case the plea of usury will be rejected, and the defendant put to plead to the action as an ordinary real action. The plaintiff in such case will be estopped by his counter allegation from recovering as of mortgage, and if he have no other title the defendant will be entitled to judgment.

If the plaintiff admits his title to be in mortgage, as alleged by the defendant, he may object to the reception of the plea for any cause which would be sufficient in case the action was upon a note, and the plea may be rejected on sufficient proof. If no cause exist for rejecting the plea, the plaintiff can either admit the defendant to verify his plea, and let judgment be entered

accordingly, or he may reply to it.    If he replies, his replication must be single.    If he have several answers, either of which appears alone to be sufficient, he cannot join them all in the same replication, but must elect between them.    He may reply that a different sum was taken as usury, and offer to verify by the oath of the indorsee.

So the plaintiff may reply to the allegation, that his title is by mortgage only, and that the mortgage is foreclosed ; and an issue may be framed on that.    If the plaintiff fail in establishing the foreclosure, he admits the usury, and the defendant will have such judgment entered as the plea may entitle him to, unless the plaintiff shall obtain leave to reply to the plea.

There seems to be an objection also to the plea.    Simple interest paid upon usury is ordinarily paid for the forbearance of the usury, and not for the forbearance of the principal.    It is not usury therefor, and no forfeiture is incurred by its reception, unless it was part of the corrupt agreement that the payment of the usury might be delayed and interest paid upon it, in which case the whole may be regarded as so much agreed to be paid for the forbearance of the principal.

*Leave to amend.*